OPINION OF THE COURT
Edward S. Conway, J.
This a CPLR article 78 proceeding in which petitioner seeks a judgment prohibiting respondents from engaging in any conduct or practice that will inhibit or prevent the ombuds *729 man from exercising her duties under section 13.34 of the Mental Hygiene Law.
Petitioner was appointed to the position of ombudsman, or credit advocate, at the O. D. Heck Developmental Center in Schenectady, New York, in April of 1988 pursuant to the procedures provided for in section 13.34 (2) of the Mental Hygiene Law.
Respondent Fred Finn is the director of the O. D. Heck Developmental Center (hereinafter referred to as Center) and as the Center’s director he is responsible for the administration of programs and for setting policy and procedures within the facility.
The petitioner alleges that since her appointment she has been subjected to arbitrary administrative directives and policies instituted by respondent Finn which have prevented her from carrying out her duties as ombudsman. She contends that these directives and policies are in violation of the mandates of section 13.34 of the Mental Hygiene Law.
Petitioner specifically complains that she was not allowed to maintain confidentiality regarding complaints; that she was not allowed to refer complaints to outside agencies without prior approval of the director; and that she was not allowed to respond to complaints and to attempt to remedy complaints independently of the administrator (respondent Finn).
The respondents have now conceded that petitioner has the right under the statute to keep information and/or the source of complaints confidential, and further, that she has the right to refer complaints to outside agencies without the prior approval of respondent Finn. Therefore, the lone remaining issue for this court to decide is whether petitioner has the right to independently investigate and attempt to remedy complaints without respondent Finn’s prior approval and direction.
The respondents contend that section 13.34 of the Mental Hygiene Law does not specifically authorize the ombudsman to "investigate” complaints and section 13.21 of the Mental Hygiene Law gives respondent Finn sole power to investigate complaints at the Center. Respondents therefore propose a compromise which would require petitioner to notify respondent Finn of any complaints she receives and that respondent Finn will then assign appropriate staff which will include petitioner to every case, to review and investigate each complaint.
*730 This court cannot agree with the contentions and proposals of respondents. Section 13.34 of the Mental Hygiene Law became effective April 1, 1988 pursuant to Laws of 1987 (ch 57, § 3). Laws of 1987 (ch 57, § 1) provided: "The legislature hereby finds and declares that a need exists for an individual to be available in developmental centers operated by the office of mental retardation and developmental disabilities to receive and respond to concerns, complaints, questions, inquiries and to have the ability to advocate for client needs, interests and well-being. The legislature recognizes that parents, relatives, guardians or other interested persons often do not know how or where to advocate for clients residing in developmental centers. The legislature intends to assist such persons in addressing their concerns with respect to the care and treatment of such clients by establishing the position of ombudsman in each developmental center facility listed in section 13.17 of the mental hygiene law. The legislature further declares that the ombudsman should be capable of functioning independently from the facility to which he or she is assigned and from the office of mental retardation and developmental disabilities.”
It is clear that the Legislature intended for the ombudsman to be able to investigate prior to attempting a resolution of problems or concerns or complaints, and that the investigation should be performed independently of the facility director in order to effectively carry out the mandate and the purpose of the statute.
The petition is granted.